CERECEDO HERMANOS & CA. ET AL.

*v.*

THE GENERAL ADMINISTRATION.

APPEAL from the District Court of San Juan.

No. 16.—Decided May 16, 1905.

CONTENTIOUS-ADMINISTRATIVE PROCEEDING.—When in the course of a contentious-administrative proceeding the same shall have been delayed for more than one

year through the fault of the plaintiff or appellant, which 'will be deemed to exist when the prosecution thereof depends upon any step or proceeding which he should take or prosecute, the action will be deemed to have been abandoned.

ID.—INTRODUCTION OF EVIDENCE.—Where the evidence in a contentious-administrative proceeding has not been introduced within the time provided therefor it cannot afterward be presented, and the clerk must notify the court in order that it may make the proper orders and the proceedings may be had; and it is not necessary for either of the parties to make any effort to secure the issuance of such orders.

The facts are stated in the opinion.

*Mr. Alvarez Nava,* for appellant.

*Mr. del Toro, Fiscal,* for The People.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 2, 1901, Attorney Antonio Alvarez Nava, on behalf of S. Melon & Co. and others, interposed a contentious-administrative complaint against a decision of the Commission for the liquidation of the former Provincial Deputation, to recover the value of tickets of the Provincial Lottery corresponding to drawings which had not been held.

On January 8 of the year following the same attorney, Alvarez Nava, on behalf of Cerecedo Hermanos & Co. and others, brought another contentious-administrative complaint against the said Commission for the liquidation of the former Provincial Deputation, for the same purpose of obtaining the reimbursement of the value of the tickets of the Provincial Lottery, corresponding to drawings which had not been held.

In the first of these actions evidence was admitted by order of February 20, 1902, and at this stage of the proceedings they were suspended on account of the Honorable Attorney-General having requested in the second action the consolidation of both actions, which consolidation, after the proper proceedings, was decreed by order of April 12th of the same year. The same order provided that within the period of ten days the parties should present the evidence they might desire to introduce, in order that both actions reaching the same stage they could be continued and decided as a single action.

The parties presented the evidence they considered proper, which was admitted by decrees of April 21 and May 1, 1902, and an order issued that it be heard within the term of twenty days fixed for the purpose.

The consolidated actions remained in this condition, without any of the parties having moved their continuance, until Attorney Antonio Alvarez Nava filed a petition on March 7, 1904, requesting that an order issue for the hearing of the evidence, that the proper communications be issued for the purpose and that the hearing of the consolidated actions be ordered continued, in accordance with the provisions of articles 329 *et seq.* of the Regulations for the Execution of the Contentious-Administrative Law; while the Honorable Attorney-General, under date of the 16th of the same month, also filed a motion praying for the dismissal of the action, in view of the fact that the same had been abandoned for a period exceeding one year through the fault of the plaintiff or petitioner.

Counsel for the defendants opposed this petition for the extinction of the action, and the District Court of San Juan rendered a decision on March 26th of last year, the conclusions of law and adjudging portion of which read as follows:

"According to article 95 of the Contentious-Administrative Law, any action shall be considered to have been abandoned whose course is delayed for more than one year through the fault of the complainant or appellant, article 195 of the Regulations providing that the delay shall be charged to the latter when the prosecution of the action is dependent on some measure or act which he should take or comply with.

"In this case the discontinuance of the proceedings has not been due to any measure or act which the appellant should have complied with, but to both parties, inasmuch as the period of twenty days for the introduction of the evidence proposed was running for both, and either of them could upon the expiration of this term have petitioned for the order provided for in article 58 of the law and 339 of the Regulations; that is to say, that an abstract of the record be made, in

which case the proceedings could continue their course without the discontinuance, which it is sought to charge exclusively to the plaintiff, having arisen.

"In view of the articles cited, there is no ground to dismiss this action on the ground that it was abandoned, and the term for the taking of evidence having expired, an abstract of the record will be made, which shall be available in the office of the secretary, together with the record of the administrative proceedings, for a period of five days, upon the expiration of which notice shall be given in order that a date for the hearing may be set. It is so ordered and signed by the court, to which I certify.—Juan Morera Martínez,, Angel García, José Tous Soto, Luis Méndez Vav."

Both parties having appealed from this decision, counsel for the petitioners, on account of the declaration of the expiration of the term for the introduction of evidence and the consequent orders, and the Honorable Attorney-General, on account of the denial of his petition for the dismissal of the action, which appeal is now pending the decision of this Supreme Court, after the arguments of both sides have been heard.

The first conclusion of law of the decision appealed from is accepted because it conforms to the provisions of article 95 of the Contentious-Administrative Law and article 195 of its Regulations; but we do not agree with the second conclusion, because the discontinuance was not dependent on the action of the parties, but on the action of the secretary of the District Court of San Juan, who, upon the expiration of the period fixed for hearing the evidence of both parties, should have made a report to the court in order that said court might comply with the provisions of article 58 of the Contentious-Administrative Law and article 339 of its Regulations, without any action on the part of the persons interested being necessary therefor.

It is not proper, therefore, to dismiss the action; and as the term fixed for the hearing of evidence expired without any being heard, such evidence cannot be ordered heard now,

because such an order would be in violation of article 338 of the Regulations for the application of the Contentious-Administrative Law, which provides that upon the expiration of the period for the introduction of evidence, no evidence whatsoever shall be heard.

For the reasons stated, the decision of March 26th last should be affirmed, and the motion for dismissal of the action should be denied; and that no evidence should be heard owing to the expiration of the period fixed therefor, with the costs of the appeal to be taxed in the ordinary manner.

*It was so held.*

Mr. Chief Justice Quiñones and Mr. Justice Figueras concurred.

Justices MacLeary and Wolf dissented.